UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLIE WINCHESTER, | NO. CV-10-3057-EFS |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT** |
| YAKIMA COUNTY SUPERIOR COURT, COMMISSIONER HARTHCOCK, JUDGE JAMES LUFT, JUDGE REUKAUF, | |
| Defendants. | |

On August 17, 2010, Plaintiff Leslie Winchester filed a Complaint (ECF No. 2), which alleged that Yakima County Superior Court and the above-named judges and commissioner failed to accommodate her disability when they refused to appoint an attorney to assist her with modifying a parenting plan. Ms. Winchester believes that due to her claimed impairment, she can only prevail with the help of an attorney, whom she cannot afford to hire herself. Ms. Winchester's Complaint also alludes to a federal cause of action: "I also want this in federal court because I want any court that I may have to go to in the future to realize that they have to give adequate representation to someone who is mentally disabled."  (Ct. Rec. 5, at 3.)

ORDER * 1

On October 15, 2010, and after reviewing the Complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed her Complaint. (ECF No. 6.) Yet, because it was not absolutely clear that she did not state a claim under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq.*, or the U.S. Constitution for denial of reasonable access to the court system, the Court allowed Ms. Winchester leave to amend. The Court cautioned Ms. Winchester that her amended complaint cannot seek review of the state court's application of Washington State General Rule (GR) 33, which defines the procedure state courts must follow to ensure access to justice for all persons. It also advised Ms. Winchester that Commissioner Harthcock, Judge Luft, and Judge Reukauf are entitled to absolute immunity for discretionary decisions made within their official duties as judicial officers, and are not proper defendants. Finally, the Court advised Ms. Winchester that it could not consider whether to appoint her an attorney until she states a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2), and referred her to several legal services organizations.

On November 12, 2010, Ms. Winchester filed a document styled as a First Amended Complaint (ECF No. 7). That document did not, nor did it attempt to, cure the pleading defects the Court identified in its previous order. Rather, Ms. Winchester simply renewed her request for Court-appointed counsel to assist her with her civil matter in this Court.

It now being absolutely clear that amendment would be futile, the Court dismisses Ms. Winchester's Complaint with prejudice. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Ms. Winchester has failed

to demonstrate how this Court has jurisdiction to review the state court's application of GR 33 and their decisions regarding appointment of counsel.[1] As a Plaintiff proceeding *in forma pauperis*, Ms. Winchester is not entitled to Court-appointed counsel until she states a federal claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). And the decision of whether to provide counsel for a claimant in a suit under the ADA lies solely with the discretion of the Court. *See Donohoe v. Food Lion Stores, Inc.*, 253 F. Supp. 2d 1319 (N.D. Ga. 2003). The factors considered include a claimant's ability to afford counsel, a claimant's diligence in searching for counsel, the merits of the case, and the claimant's capacity to prepare and present the case without aid of counsel. *Id*. Although Ms. Winchester cannot afford, has sought, and claims she cannot prepare and present her civil case without counsel, her Complaint lacks merit. As such, the Court declines to exercise its discretion to appoint counsel.[2]

Accordingly, **IT IS HEREBY ORDERED:**

1) Plaintiff's Complaint **(Ct. Recs. [2] & [5])** is **DISMISSED WITH PREJUDICE.**

2) Plaintiff's Motion to Request an Attorney **(Ct. Rec. [3])** is **DENIED.**

3) The Clerk of the Court is **DIRECTED** to enter judgment in Defendant's favor.

---

[1] If Ms. Winchester seeks such review, she should file an appeal in the state system.

[2] If Ms. Winchester seeks immediate attorney assistance with her state court child custody matter, she should seek relief in Yakima County Superior Court or in whichever court that matter is pending.

ORDER * 3

1       4) This case is **CLOSED**.

2       **IT IS SO ORDERED.** The District Court Executive is directed to enter
3  this Order and provide a copy to Plaintiff.

4       **DATED** this 14th  day of January 2011.

                                s/Edward F. Shea
                                EDWARD F. SHEA
                          United States District Judge

Q:\Civil\2010\3057.Dismiss.Complaint.wpd

ORDER * 4